# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JUSTICE, Minors.

UNPUBLISHED
September 11, 2018

No. 341248
Calhoun Circuit Court
Family Division
LC No. 15-000244-NA

Before: METER, P.J., and K. F. KELLY and GLEICHER, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to her minor children JJJ, NAJ, and JLJ under MCL 712A.19b(3)(c)(*i*) (the conditions that led to the adjudication continue to exist and no reasonable likelihood exists that the conditions will be rectified in a reasonable time), MCL 7l2A.l9b(3)(c)(*ii*) (parent failed to rectify other conditions after being notified and given opportunity to do so and there is no reasonable expectation of her doing so in a reasonable time), MCL 712A.19b(3)(g) (parent fails to provide proper care or custody and there is no reasonable expectation of her providing proper care and custody in a reasonable time), and MCL 712A.19b(3)(j) (there is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if returned to the home of the parent). We affirm.

Two of respondent-mother's children failed to attend school regularly during the 2014 school year. The county prosecutor filed a petition for jurisdiction, and the trial court conducted an adjudication trial and took jurisdiction over JJJ, but not NAJ or JLJ because they had been residing with their aunt under a power of attorney. JJJ, at this point, remained in the parental home despite the exercise of jurisdiction. The Michigan Department of Health and Human Services (DHHS) later sought jurisdiction over the remaining two children and sought emergency removal of all three children from the home because respondent-parents failed to comply with required services and had serious substance-abuse and domestic-violence problems. Further, the children's aunt could no longer care for the children and her power of attorney had elapsed, and respondent-parents were incarcerated at the Calhoun County Jail. A foster-care case manager reported to Child Protective Services (CPS) that respondent-mother tested positive six consecutive times for methamphetamine use before her incarceration. The children had nowhere to live because of respondent-parents' incarceration and a lack of relatives able to care for them. The children were removed from the home.

After another adjudication trial, the trial court found that, under MCL 712A.2(b), the children were at substantial risk of harm because of respondent-parents' incarceration and the expiration of the power of attorney. The trial court also found that respondent-mother had a history of substance abuse and domestic violence. The trial court, therefore, assumed jurisdiction over the remaining two children.

During the pendency of this case respondent-mother failed all but one of her drug screens. She declined a referral to substance-abuse counseling. She also irregularly participated in parenting time with the children. Ultimately, because respondent-mother did not avail herself of services made available to her and she lacked housing and employment, the DHHS petitioned for termination of respondent-mother's parental rights.

The trial court conducted a termination hearing and found that clear and convincing evidence established the statutory grounds under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j) for termination of respondent-mother's parental rights. The trial court also determined that a preponderance of the evidence established that termination of respondent-mother's parental rights served the children's best interests. Respondent-mother now appeals.

Respondent-mother contends that the trial court erred because clear and convincing evidence did not establish that respondent-mother could not maintain sobriety and the trial court failed to give her an opportunity to maintain sobriety and reunite with her children. She also argues that the trial court erred by ruling that termination of her parental rights served the children's best interests. We disagree.

We review for clear error the trial court's finding of statutory grounds under MCL 712A.19b(3) for termination of parental rights. MCR 3.977(K); *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been established by clear and convincing evidence. *Id*. A factual finding is clearly erroneous if this Court has a definite and firm conviction that a mistake was made. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). We give deference to the trial court's "special opportunity to judge the credibility of witnesses." *Id*. When a statutory ground for termination is proven, the trial court shall order termination of parental rights if termination of parental rights is in the child's best interests in light of the evidence as set forth in the whole record. MCL 712A.19b(5); *In re LE*, 278 Mich App 1, 25; 747 NW2d 883 (2008). A trial court must find by a preponderance of the evidence that termination serves the best interests of the children before it may terminate parental rights. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We also review for clear error the trial court's determination that termination of respondent's parental rights served the children's best interests. MCR 3.977(K); *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). This Court defers to the "trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009).

In *In re Rood*, *id*. at 91, the Michigan Supreme Court stated:

> A natural parent has a fundamental liberty interest "in the care, custody, and management" of his child that is protected by the Fourteenth Amendment of

-2-

the United States Constitution . . . and by article 1, § 17, of the Michigan Constitution[.] [Citations omitted.]

Both the United States Supreme Court and the Michigan Supreme Court have held that a parent's right to control the custody and care of her children is not absolute because a state has a legitimate interest in protecting " 'the moral, emotional, mental, and physical welfare of the minor,' and in some circumstances 'neglectful parents may be separated from their children.' " *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014), quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972). Parents are "constitutionally entitled to a hearing on their fitness before their children are removed from their custody." *In re Sanders*, 495 Mich at 412 (quotation marks and citation omitted).

Once a court assumes jurisdiction over a child, the court "has broad authority in effectuating dispositional orders" that are "appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained . . . ." *Id.* at 406 (quotation marks and citations omitted).

MCL 712A.19b(3) provides, in relevant part:

The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

If this Court concludes that the trial court did not clearly err by finding one statutory ground for termination, this Court does not need to address the additional grounds. *In re HRC*, 286 Mich App at 461.

In this case, clear and convincing evidence established that statutory grounds for termination of respondent-mother's parental rights existed under MCL 712A.19b(3)(c)(*i*) and (c)(*ii*). Witnesses' testimonies and documentary evidence in the record established that the conditions that led to the adjudication continued to exist and that no reasonable likelihood existed that the conditions would be rectified within a reasonable time considering the children's ages. Further, other conditions existed that respondent-mother failed to rectify despite knowing and having been given a reasonable opportunity to do so.[1] Respondent-mother had a serious substance-abuse problem and repeatedly tested positive for methamphetamine. However, she refused to engage in substance-abuse counseling. Her addiction interfered with her ability to parent and to secure and maintain stable housing and employment.

Further, respondent-mother lacked parenting skills, failed to take parenting classes, and failed to learn how to take care of the children's special needs despite having opportunities to engage in services made available to her. The record reflects that respondent-mother never took responsibility for her actions and neglected to take the initiative to rectify adverse conditions so that she could be reunified with the children. She chose instead to perpetuate her drug addiction. She also failed to address her domestic-violence problem despite opportunities presented to her to engage in services to assist her. Nothing in the record indicates that respondent-mother made any effort to maintain sobriety or do anything to enable her to reunite with the children. Respondent-mother asserts that even though she could not take care of the children at the time of the termination hearing, the trial court should have given her more time to "get clean . . . ." But respondent-mother had evidenced an almost complete failure to comply with services previously offered.

Clear and convincing evidence established the statutory grounds for termination under MCL 712A.19b(3)(c)(*i*) and (c)(*ii*). Because we are convinced that the trial court did not err by finding that clear and convincing evidence established the existence of statutory grounds for termination of respondent-mother's parental rights under MCL 712A.19b(3)(c)(*i*) and (c)(*ii*), we do not need to address the other grounds the trial court found for termination. *In re HRC*, 286 Mich App at 461.

---

[1] Although the initial condition leading to adjudication for JJJ was the failure of respondent-mother to have him attend school regularly, the "other conditions" in MCL 712A.19b(3)(c)(*ii*) are applicable.

When considering best interests, the trial court must focus on the children rather than the parent. *In re Moss*, 301 Mich App at 87. The trial court may consider several factors including the children's bond to the parent, the parent's parenting ability, and the children's need for permanency, stability, and finality. *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The trial court may also consider how long the children have lived in their present home, and the likelihood that they "could be returned to [the parent's] home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

In *In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014), this Court summarized:

> The trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [Quotation marks and citations omitted.]

A trial court may also consider a history of child abuse. *In re Powers*, 244 Mich App 111, 120; 624 NW2d 472 (2000). Further, a child's safety and well-being, including the risk of harm a child might face if returned to the parent's care, constitute factors relevant to a best-interests determination. *In re VanDalen*, 293 Mich App at 142.

A preponderance of the evidence in this case supported the trial court's best-interests decision. Testimony established that the children lacked a normal parent-child bond with respondent-mother. Instead, the bond was more akin to a friendship bond. Witnesses' testimonies also established that respondent-mother lacked the parenting ability necessary to care for the children's special needs. The record reflects that respondent-mother failed to learn how to care for NAJ's serious medical needs and she failed to learn how to deal effectively with the other children's special needs to provide structure and parental control. Respondent-mother infrequently engaged in parenting time despite being offered numerous opportunities to visit with the children. The record reflects that during parenting time, respondent-mother generally acted appropriately with the children but often experienced being overwhelmed with them, and thus crying.

The children's needs were being met in foster care. There, they faced no risk of harm. The evidence, however, established that if returned to respondent-mother's care, a high likelihood existed that they would not have a functional home environment.

The record also reflects that respondent-mother lacked appropriate focus on taking action to get her life under control so that she could provide the children a stable and loving home. She chose addiction over her children and no evidence established that she had any inclination to change that. Further, evidence established that domestic violence existed in the home between respondent-parents. Respondent-mother took no steps to engage in services that would have

assisted her in this regard. No evidence established that respondent-mother recognized the problem or the need to deal with it for her sake or the children's sake.

Witnesses' testimonies established that respondent-mother failed in every respect to comply with her case-service plan. She refused to undergo substance-abuse counseling. She failed to attend parenting-skills classes. She failed to engage in the recommended counseling to assist her in overcoming her mental-health issues. Respondent-mother's inconsistent visitation history with the children also established that she lacked the requisite concern and intent to reunite with her children.

While we agree with the trial court that the DHHS should have made further efforts to find preadoptive homes for all three children, we also agree that despite this failure, a preponderance of the evidence nevertheless established that the children's best interests would be served by the termination of respondent-mother's parental rights. No clear error is apparent.

Affirmed.

/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly
/s/ Elizabeth L. Gleicher